IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CHAD SWANSON,

    Plaintiff,                    No. CIV S-09-3245 EFB P

    vs.

MICHAEL MARTEL, et al,

    Defendants.           <u>ORDER</u>

                                /

       Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. On May 3, 2010, the court directed plaintiff to file an amended complaint. On May 26, 2010, plaintiff filed an amended complaint.[1]

       Pursuant to 28 U.S.C. § 1915A, the court shall review "a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). "On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief

---

[1] The case was referred to the undersigned by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1) and is before the undersigned pursuant to plaintiff's consent. *See* E.D. Cal. Local Rules, Appx. A, at (k)(4).

from a defendant who is immune from such relief." *Id.* § 1915A(b).

The allegations in the amended complaint do not significantly differ from those in the original complaint. Plaintiff alleges defendants Martel, Duncan, Reaves, Feltner, and White "did not use clear, safe directives set in place for accident prevention," which resulted in plaintiff injuring his neck and back by "falling over a hazardous water-spigot protruding from the ground . . . ." *See* Am. Compl. As previously explained to plaintiff, these allegations are insufficient for purposes of stating a cognizable Eighth Amendment claim. Dckt. No. 7 at 2. To state a claim that the conditions of imprisonment violate the Eighth Amendment prohibition on cruel and unusual punishment, plaintiff must allege a specific individual was deliberately indifferent to some basic human need such as food, clothing, shelter, medical care or safety. *See Wilson v. Seiter*, 501 U.S. 294, 303-04 (1991); *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). A prison official is deliberately indifferent when he knows of and disregards a risk of injury or harm that "is not one that today's society chooses to tolerate." *See Helling v. McKinney*, 509 U.S. 25, 36 (1993); *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). As with the original complaint, plaintiff alleges defendants were negligent at worst, and does not set forth allegations demonstrating that any defendant acted with deliberate indifference.

Plaintiff also alleges that, despite injuries he received from falling over the water-spigot and his requests for medical attention, John and Jane Doe forced him to walk long distances to the dining room, refused to feed plaintiff in his cell, forced plaintiff to climb up to and from a top bed bunk, and refused to provide plaintiff with pain medication. Plaintiff claims they threatened him with disciplinary action if he continued requesting medical attention. The use of Doe defendants is not favored in the Ninth Circuit. *See Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980). Further, unknown persons cannot be served with process until they are identified by their real names. Plaintiff must take steps promptly to discover the full name (i.e., first and last name) of each Doe defendant and provide that information to the court in an amendment to his pleading that explains what each such person did or failed to do that caused a violation of his

constitutional rights.  *See Brass v. County of Los Angeles*, 328 F.3d 1192, 1195-98 (9th Cir. 2003).  The court will not investigate the names and identities of unnamed defendants.  If, in an amended complaint, plaintiff fails to provide true names for the Doe defendants, and does not state a claim against any named defendant, this action will be dismissed without prejudice to suing the Doe defendants upon learning their identities.

For the foregoing reasons, the complaint is dismissed with leave to amend.  Any amended complaint must adhere to the following requirements:

It must be complete in itself without reference to any prior pleading.  E.D. Cal. Local Rule 220; *see Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading is superseded.

It must show that the federal court has jurisdiction and that plaintiff's action is brought in the right place, that plaintiff is entitled to relief if plaintiff's allegations are true, and must contain a request for particular relief.  Plaintiff must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right.  *Johnson*, 588 F.2d at 743 (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).

It must contain a caption including the name of the court and the names of all parties.  Fed. R. Civ. P. 10(a).

Plaintiff may join multiple claims if they are all against a single defendant.  Fed. R. Civ. P. 18(a).  If plaintiff has more than one claim based upon separate transactions or occurrences, the claims must be set forth in separate paragraphs.  Fed. R. Civ. P. 10(b).  Plaintiff may join multiple claims if they are all against a single defendant.  Fed. R. Civ. P. 18(a).  Unrelated claims against different defendants must be pursued in multiple lawsuits.  "The controlling principle appears in Fed. R. Civ. P. 18(a): 'A party asserting a claim . . . may join, [] as independent or as alternate claims, as many claims . . . as the party has against an opposing party.'  Thus multiple

claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2.  Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees-for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees.  28 U.S.C. § 1915(g)." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007); *see also* Fed. R. Civ. P. 20(a)(2) (joinder of defendants not permitted unless both commonality and same transaction requirements are satisfied).  Plaintiff may not change the nature of this suit by alleging new, unrelated claims in an amended complaint. *George*, 507 F.3d at 607 (no "buckshot" complaints).

The allegations must be short and plain, simple and direct and describe the relief plaintiff seeks.  Fed. R. Civ. P. 8(a); *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002); *Galbraith v. County of Santa Clara*, 307 F.3d 1119, 1125 (9th Cir. 2002).  A long, rambling pleading, including many defendants with unexplained, tenuous or implausible connection to the alleged constitutional injury or joining a series of unrelated claims against many defendants very likely will result in delaying the review required by 28 U.S.C. § 1915 and an order dismissing plaintiff's action pursuant to Rule 41 of the Federal Rules of Civil Procedure for violation of these instructions.

Plaintiff must sign the complaint.  Fed. R. Civ. P. 11(a).  By signing an amended complaint, plaintiff certifies he has made reasonable inquiry and has evidentiary support for his allegations and that for violation of this rule the court may impose sanctions sufficient to deter repetition by plaintiff or others.  Fed. R. Civ. P. 11.

A prisoner may bring no § 1983 action until he has exhausted such administrative remedies as are available to him.  42 U.S.C. § 1997e(a).  The requirement is mandatory. *Booth v. Churner*, 532 U.S. 731, 741 (2001).  By signing an amended complaint plaintiff certifies his claims are warranted by existing law, including the law that he exhaust administrative remedies,

1 and that for violation of this rule plaintiff risks dismissal of his entire action

2   Accordingly, the court hereby orders that the amended complaint is dismissed with leave
3 to amend within 30 days.  The second amended complaint must bear the docket number assigned
4 to this case and be titled "Second Amended Complaint."  Failure to comply with this order will
5 result this action being dismissed.  If plaintiff files an amended complaint stating a cognizable
6 claim the court will proceed with service of process by the United States Marshal.

7 Dated: September 23, 2010.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE