IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CHAD SWANSON,

      Plaintiff,                      No. CIV S-09-3245 EFB P

    vs.

MICHAEL MARTEL, et al,

      Defendants.              ORDER

_____/

      Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. On September 23, 2010, the court directed plaintiff to file a second amended complaint. On October 20, 2010, plaintiff filed a second amended complaint. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1) and is before the undersigned pursuant to plaintiff's consent. *See* E.D. Cal. Local Rules, Appx. A, at (k)(4).

      Pursuant to 28 U.S.C. § 1915A, the court shall review "a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). "On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

1

**I.      Claims Against Defendants Martel, Fallon, Reaves, Feltner, and White**

The second amended complaint includes allegations very similar to those contained in the earlier filed complaints.  Plaintiff again alleges that defendants Martel, Fallon, Reaves, Feltner, and White subjected plaintiff to inhumane and unsafe prison conditions because they failed to inspect and remedy potential hazards on the A-recreational yard, which resulted in plaintiff injuring his back and neck when he tripped over a non-color coded water spigot protruding from the ground. The court has repeatedly informed plaintiff that these allegations are insufficient for purposes of stating a cognizable Eighth Amendment claim.

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir. 2006).  Extreme deprivations are required to make out a conditions of confinement claim, and only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation. *Hudson v. McMillian*, 503 U.S. 1, 9 (1992).  To determine whether an Eighth Amendment violation has occurred, a court should consider the circumstances, nature and duration of a deprivation of these necessities. *Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2000) (referring to necessities such as adequate shelter, food, clothing, sanitation, medical care, and personal safety).   Further, plaintiff must allege facts sufficient to support a claim that prison officials knew of and disregarded a substantial risk of serious harm to the plaintiff. *E.g., Farmer v. Brennan*, 511 U.S. 825, 847 (1994); *Frost v. Agnos*, 152 F.3d 1124, 1128 (9th Cir. 1998).

While plaintiff labels defendants' alleged acts and/or omissions as "deliberately indifferent," his allegations suggest negligence at worst and thus, fail under the above standards.  In light of the fact that the court has previously provided plaintiff with two opportunities to amend his claims against defendants Martel, Fallon, Reaves, Feltner, and White, the court finds that plaintiff is unable to cure the deficiencies in these claims and will not be granted further leave to amend.

**II.     Claim Against Defendant Naseer**

Plaintiff alleges that after he tripped on the water spigot, defendant Naseer "did not take [the] accident serious, undermind[ed] [plaintiff's] medical concerns as minimal, [and that the] medical attention provided to [plaintiff] has been minimal to none." Dckt. No. 11 at 8. Plaintiff claims that because of Naseer's actions, he has been forced to suffer pain in his neck and back. Plaintiff claims he is forced to walk long distances to the dining room twice a day, or to not eat because he is not being "bed-fed." *Id.* at 9. He also claims he is forced to climb up to a top bunk, and his only recourse is to ask other inmates for their pain medication "due to the delayed medical attention or lack thereof," by Naseer. *Id.*

To state a section 1983 claim for violation of the Eighth Amendment based on inadequate medical care, plaintiff must allege "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).  To prevail, plaintiff must show both that his medical needs were objectively serious, and that defendant possessed a sufficiently culpable state of mind. *Wilson v. Seiter*, 501 U.S. 294, 297-99 (1991); *McKinney v. Anderson*, 959 F.2d 853, 854 (9th Cir. 1992). Deliberate indifference may be shown by the denial, delay or intentional interference with medical treatment or by the way in which medical care is provided. *Hutchinson v. United States*, 838 F.2d 390, 394 (9th Cir. 1988).

Here, plaintiff fails to allege how Naseer was personally involved in violating his rights. There are no facts suggesting that Naseer knew of and disregarded a substantial risk of serious harm to the plaintiff. Moreover, plaintiff does not allege that he is immobile or otherwise explain why having to walk to the dining hall or climb to a top bunk violates his constitutional rights. Nor does he attribute these conditions to any defendant. Plaintiff's claim against Naseer is therefore dismissed with leave to amend.

Moreover, the exhibits to plaintiff's complaint suggest that plaintiff did, in fact, receive immediate medical attention following his fall. In an inmate appeal drafted by plaintiff and attached to the complaint, plaintiff states that after he was injured, he was "medically bused to

3

the infirmary (triage), where [he] was given a pain shot, [an] order for muscle relaxers and pain medication, with a one day lay-in and ordered back to [his] cell." Dckt. No. 11, Ex. D.  Further, medical records attached to plaintiff's complaint show that an x-ray of plaintiff's back was taken on June 26, 2009, the results of which were within normal limits.  *Id.*, Ex. E.

Plaintiff is hereby informed that neither defendant's negligence nor plaintiff's general disagreement with the treatment he received suffices to state a claim.  *Estelle*, 429 U.S. at 106; *Hutchinson v. United States*, 838 F.2d 390, 394 (9th Cir. 1988); *Jackson v. McIntosh*, 90 F.3d 330, 331 (9th Cir. 1996).

### III.  Claim Against Defendant Akintola

Plaintiff alleges that he was prescribed Neurontin for "pain release" and the "tingling sensation" in his limbs.  Dckt. No. 11 at 9.  Plaintiff alleges that on September 4, 2009, defendant Akintola stopped plaintiff's Neurontin prescription, causing plaintiff to lose consciousness and experience more pain.  Plaintiff's conclusory allegations do not set forth sufficient factual allegations that would suggest that Akintola knew of and disregarded a substantial risk of serious harm to the plaintiff.  It is plaintiff's responsibility to allege facts to state a plausible claim for relief.  *Iqbal*, 129 S. Ct. at 1949; *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).  Since plaintiff does not set forth sufficient factual matter with respect to his deliberate indifference claim against Akintola, he cannot proceed against this defendant unless he cures this deficiency in an amended complaint.

### IV.  Requirements for an Amended Complaint

Any amended complaint must adhere to the following requirements:

It must be complete in itself without reference to any prior pleading.  E.D. Cal. Local Rule 220; *see Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading is superseded.

////

////

It must show that the federal court has jurisdiction and that plaintiff's action is brought in the right place, that plaintiff is entitled to relief if plaintiff's allegations are true, and must contain a request for particular relief. Plaintiff must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right. *Johnson*, 588 F.2d at 743 (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).

It must contain a caption including the name of the court and the names of all parties. Fed. R. Civ. P. 10(a).

Plaintiff may join multiple claims if they are all against a single defendant. Fed. R. Civ. P. 18(a). If plaintiff has more than one claim based upon separate transactions or occurrences, the claims must be set forth in separate paragraphs. Fed. R. Civ. P. 10(b). Plaintiff may join multiple claims if they are all against a single defendant. Fed. R. Civ. P. 18(a). Unrelated claims against different defendants must be pursued in multiple lawsuits. "The controlling principle appears in Fed. R. Civ. P. 18(a): 'A party asserting a claim . . . may join, [] as independent or as alternate claims, as many claims . . . as the party has against an opposing party.' Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees-for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g)." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007); *see also* Fed. R. Civ. P. 20(a)(2) (joinder of defendants not permitted unless both commonality and same transaction requirements are satisfied). Plaintiff may not change the nature of this suit by alleging new, unrelated claims in an amended complaint. *George*, 507 F.3d at 607 (no "buckshot" complaints).

The allegations must be short and plain, simple and direct and describe the relief plaintiff seeks. Fed. R. Civ. P. 8(a); *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002); *Galbraith v. County of Santa Clara*, 307 F.3d 1119, 1125 (9th Cir. 2002). A long, rambling pleading, including many defendants with unexplained, tenuous or implausible connection to the alleged constitutional injury or joining a series of unrelated claims against many defendants very likely will result in delaying the review required by 28 U.S.C. § 1915 and an order dismissing plaintiff's action pursuant to Rule 41 of the Federal Rules of Civil Procedure for violation of these instructions.

Plaintiff must sign the complaint. Fed. R. Civ. P. 11(a). By signing an amended complaint, plaintiff certifies he has made reasonable inquiry and has evidentiary support for his allegations and that for violation of this rule the court may impose sanctions sufficient to deter repetition by plaintiff or others. Fed. R. Civ. P. 11.

A prisoner may bring no § 1983 action until he has exhausted such administrative remedies as are available to him. 42 U.S.C. § 1997e(a). The requirement is mandatory. *Booth v. Churner*, 532 U.S. 731, 741 (2001). By signing an amended complaint plaintiff certifies his claims are warranted by existing law, including the law that he exhaust administrative remedies, and that for violation of this rule plaintiff risks dismissal of his entire action

**V.     Conclusion**

Accordingly, the court hereby orders that:

1. Claims against defendants Martel, Fallon, Reaves, Feltner, and White are dismissed without leave to amend.

2. Claims against defendants Naseer and Akintola are dismissed with leave to amend.

3. Plaintiff must file a third amended complaint within 30 days. It must bear the docket number assigned to this case and be titled "Third Amended Complaint." Failure to comply with

////

////

1  this order will result this action being dismissed.  If plaintiff files an amended complaint stating a
2  cognizable claim the court will proceed with service of process by the United States Marshal.
3  Dated: November 15, 2010.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE