IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CHAD SWANSON,

      Plaintiff,                    No. CIV S-09-3245 EFB P

    vs.

MICHAEL MARTEL, et al.,

      Defendants.           ORDER

_____/

      Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1) and is before the undersigned pursuant to plaintiff's consent. *See* E.D. Cal. Local Rules, Appx. A, at (k)(4). Currently before the court is plaintiff's December 14, 2010 "motion to vacate judgment." Dckt. No. 13. In his motion, plaintiff seeks reconsideration of the court's November 15, 2010 order, which dismissed claims against defendants Martel, Fallon, Reaves, Feltner and White without leave to amend, and claims against defendants Naseer and Akintola with leave to amend. *See* Dckt. No. 12.

      Although motions to reconsider are directed to the sound discretion of the court, *Frito-Lay of Puerto Rico, Inc. v. Canas*, 92 F.R.D. 384, 390 (D.C. Puerto Rico 1981), considerations of judicial economy weigh heavily in the process. Thus, Local Rule 230(j)

requires that a party seeking reconsideration of a district court's order must brief the "new or different facts or circumstances . . . [which] were not shown upon such prior motion, or what other grounds exist for the motion." The rule derives from the "law of the case" doctrine which provides that the decisions on legal issues made in a case "should be followed unless there is substantially different evidence . . . new controlling authority, or the prior decision was clearly erroneous and would result in injustice." *Handi Investment Co. v. Mobil Oil Corp.*, 653 F.2d 391, 392 (9th Cir. 1981); *see also Waggoner v. Dallaire*, 767 F.2d 589, 593 (9th Cir. 1985), *cert. denied*, 475 U.S. 1064 (1986).

Plaintiff has failed to demonstrate any new or different facts or circumstances which did not exist or were not shown when the court dismissed claims against defendants Martel, Fallon, Reaves, Feltner and White without leave to amend. If plaintiff wishes to cure the deficiencies identified by the court with respect to his claims against defendants Naseer and Akintola, which were dismissed with leave to amend, plaintiff should do so in a third amended complaint, rather than in a motion for reconsideration. Plaintiff's motion is therefore is denied. *See* L.R. 230(j).

Accordingly, IT IS HEREBY ORDERED that plaintiff's December 14, 2010 "motion to vacate judgment" is denied. Plaintiff may, within 30 days from the date of this order, file an amended complaint in accordance with the court's November 15, 2010 order. Failure to do so may result in dismissal of this action.

Dated: January 5, 2011.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE